# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1162V

|  |  |
|---|---|
| RICKI LAGOZZINO, | Chief Special Master Corcoran |
| Petitioner, | Filed: March 24, 2026 |
| v. |  |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

*John Robert Howie, Howie Law, PC, Dallas, TX, for Petitioner.*

*Rachelle Bishop, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 8, 2020, Ricki Lagozzino filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a Table injury - shoulder injury related to vaccine administration as a result of the administration of her September 8, 2017 influenza and tetanus-diphtheria-acellular pertussis vaccinations. Petition, ECF No. 1. On August 1, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 52.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner filed two Motions for attorneys' fees and costs, requesting a total award of $56,687.39 (representing $39,271.25 in fees and costs incurred by Counsel of record: Mr. John Robert Howie, Esq., plus $17,416.14 in fees and costs incurred by former Counsel: Ronald Craig Homer, Esq.). See Applications for Fees and Costs, dated September 3, 2025, at ECF Nos. 57 and 58. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 57-4.

Respondent reacted to both Applications for Fees and Costs on September 14, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case and deferring resolution of the amount to be awarded to my discretion. Response at 2-4, ECF Nos. 59 and 60. Petitioner indicated thereafter that he does not intend to file a substantive reply. ECF Nos. 61 and 62. Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF Nos. 57-3 and 58 at 18-33.  Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of <u>$56,687.39</u>[3] as follows:**

- **A lump sum of <u>$39,271.25</u>, representing reimbursement for attorney's fees and costs, to be paid through an ACH deposit to Petitioner's counsel of record: John Robert Howie's IOLTA account for prompt disbursement; and**

- **A lump sum of <u>$17,416.14</u>, representing reimbursement for attorney's fees and costs to be paid through an ACH deposit to Petitioner's former counsel: Ronald Craig Homer's IOLTA account for prompt disbursement.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.